IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ST. CLAIR COUNTY BOARD OF TRUSTEES PAULETTE COLLINS, DENISE FANT-TOURIGIGAN,<br><br>    Petitioner<br><br>vs.<br><br>KAREN CASON AS EXECUTOR OF THE ESTATE OF ALICE CASON,<br><br>    Respondent. | Case No. 3:25-cv-00681-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Now before the Court in this matter is the Petitioner's, St. Clair County Board of Trustees, Motion to Remand the instant case to State court. For the reasons contained herein, Petitioner's Motion to Remand (Doc. 6) is **GRANTED**.

On January 18, 2022, St. Clair County, as Trustee for Taxing Districts, ("Petitioner/St. Clair County") filed a Petition for Order Directing Issuance of Tax Deeds for a property located in East St. Louis, Illinois. That Petition was granted on August 5, 2022. (Doc. 6-1). Karen Cason, as Executor of the Estate of Alice Cason ("Respondent"), filed a Motion to Intervene in the Circuit Court of St. Clair County on February 12, 2025. (Doc. 6-2). On February 21, 2025, Ms. Cason filed a Petition for Relief from Judgment regarding the Order of August 5, 2022. (Doc. 1, pp. 17-34). Ms. Cason then filed a Notice of Removal in this Court on April 18, 2025, asserting removal on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, stating that the subject property was

unlawfully seized in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (Doc. 1, p. 2).

On May 16, 2025, St. Clair County timely filed its Motion to Remand this case to State court. (Doc. 6). It argues that (1) Ms. Cason's Notice of Removal was not timely, (2) she does not meet the limited definition of a defendant for removal purposes as an intervenor in the State court case, (3) the case does not invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, and (4) St. Clair County should be awarded costs and expenses incurred as a result of the removal. Ms. Cason has not filed any document with the Court opposing, or otherwise responding to, the instant motion.

From the outset, the Court notes that it is authorized to consider Ms. Cason's failure to respond as consent to the relief requested in St. Clair County's Motion to Remand pursuant to Local Rule 7.1(a)(5). *See Business Property Lending, Inc. v. Adventure 2000, LLC*, Case No. 3:18-cv-02227-JPG-MAB, 2019 WL 13232494, *1 (S.D. Ill. Mar. 21, 2019); *Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, *2 (S.D. Ill. Oct. 22, 2009); *see also Flanders Diamond USA, Inc. v. National Diamond Syndicate, Inc.*, No. 02 C 4605, 2002 WL 31681474, *4 (N.D. Ill. Nov. 27, 2002) ("The party that removed the case bears the burden of demonstrating that the jurisdictional requirements have been satisfying.") (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)). Here, Ms. Cason failed to respond to the Motion to Remand and the Court does consider such failure as her consent to the relief requested by St. Clair County's Motion to Remand. Notwithstanding Ms. Cason's acquiescence to the instant motion, St. Clair County should prevail on its merits of its Motion to Remand as well.

A removing party has 30 days to file its notice of removal of a civil action after receipt by the defendant of the initial pleading, or a copy of an amended pleading, motion, order or other paper "from which it may be first ascertained that the case" is removable. 28 U.S.C. § 1446 (b)(1) & (3). The Notice of Removal does not refer to the date on which Ms. Cason received a copy of the initial pleading or an amended pleading that made the matter removeable. Nevertheless, it is reliably certain that she became aware by the time she filed her Motion to Intervene and Petition for Relief from Judgment on February 12, 2025, and February 21, 2025, respectively. Regardless of which date Respondent would claim as starting her 30-day removal clock under § 1446(b), the filing of her Notice of Removal on April 18, 2025, is untimely. Accordingly, St. Clair County's Motion to Remand is granted because removal of this case to this Court was in clear contravention of § 1446(b).[1]

St. Clair County has also requested that this Court require Respondent to pay its costs and fees associated with removal, pursuant to 28 U.S.C. § 1447(c). Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." District Courts enjoy deference in their decision on the question of costs, expenses and fees under §1447. While the removal was destined to fail at least as a result of its untimely filing, the Court does not find that Ms. Cason acted "absurdly" or in bad faith such that the argument for recovery might otherwise be bolstered. See *Garbie v. DaimlerChrysler Corp.*,

---

[1] Because this Court finds that the procedural requirements of removal have not been met, it need not address the issues of whether (1) Ms. Cason meets the limited definition of a defendant for removal purposes as an intervenor in the State court case, or (2) the case invokes this Court's federal question jurisdiction.

211 F.3d 407. (C.A.7,2000) The Court concludes that an award of costs, fees and expenses is not warranted here and St. Clair County's request for the same is hereby DENIED.

## DISPOSITION

The St. Clair County's Motion to Remand (Doc. 6) is **GRANTED**. The St. Clair County's request for costs and expenses, including attorneys' fees, is hereby **DENIED**. The Clerk is directed to mail to the Circuit Court of St. Clair County, Illinois a Certified copy of this Order. Clerk is further directed to dismiss and close this matter.

**SO ORDERED.**

Dated: July 28, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge